IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

GARFIELD WILLIAM HOLLEY,          )
    Plaintiff,          )          Civil Case No. 7:20-cv-00545
              )
v.          )
              )          By: Elizabeth K. Dillon
MR. J. COMBS, *et al.*,          )              United States District Judge
    Defendants.          )

**MEMORANDUM OPINION**

Garfield William Holley, a Virginia inmate proceeding *pro se*, has filed a complaint under 42 U.S.C. § 1983, naming five defendants. The first is J. Combs, who Holley describes as the Assistant Warden of Operations for Wallens Ridge State Prison ("WRSP"). The other four are listed as correctional officers named Edwards, M. Wynn, Lawson, and Muncy. In his complaint, Holley identifies six claims, which he has labeled Claims 1, 1B, 2, 3, 4, and 4A. All are based, however, on two separate incidents. In the first, which he alleges occurred on October 31, 2018, Combs ordered Holley to be transported for an oral surgeon's appointment. Despite the fact that Holley is 65 years old and has chronic asthma, he was transported in thin clothing in a "makeshift enlarged enclosed dog crate" attached to the rear bed on a pick-up truck. He was restrained in "handcuffs, black-box waist chains, leg irons, [and an] electric-shock waist-harness," and spent over six hours chained inside the cage, for more than 160 miles and in thirty-five degree weather. Edwards and Wynn were both involved in restraining him and/or transporting him in those conditions.

Holley alleges that, as a result of the conditions, he later developed pneumonia and had to be hospitalized for days. He also appears to allege that he was transported under these conditions as retaliation for filing a grievance because of the delay in obtaining his oral surgery appointment.

Days after the October 31, 2018 incident, Holley reported to sick call complaining of left-knee pain and night-time nose bleeds.  On November 24, 2018, he began experiencing acute shortness of breath and received emergency breathing treatment.  He was told he would be seen by a physician on Monday, November 26, 2018, but was not.  On Tuesday at "12:30 count time," he claims he was "near death" and laid out on the floor of his cell.

The following day, Holley was sent to the hospital by WRSP nurses who believed he had pneumonia.  He claims that Edwards placed "too-tight handcuffs" on him, and he was restrained in those cuffs, despite being unconscious, for Tuesday, Wednesday, Thursday, and most of Friday, resulting in significant pain to his hands and wrists during his hospitalization, and significant wounds and cuts.  Holley alleges that plastic tie straps were readily available, but Edwards did not use them.

## I.  DISCUSSION

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring court, in a case where a plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted).  Pleadings of self-represented litigants are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

"To state a claim under § 1983[,] a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted).  Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted).  Thus, a § 1983 claim requires factual detail about each defendant's personal involvement.  *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).

Holley alleges the involvement of defendants Combs, Edwards, and Wynn in at least some of the events referenced in his complaint.  By contrast, although correctional officers Lawson and Muncy are listed as defendants in the title of Holley's complaint, those names appear nowhere in the body of his complaint.  There simply are no factual allegations regarding anything either of those individuals did or failed to do.  Accordingly, Holley has failed to state a claim against Lawson and Muncy, and they will be dismissed without prejudice.  If Holley wants to file an amended complaint that identifies specific actions or omissions by Lawson or Muncy, he should do so within thirty days.

As to his claims against Combs, Edwards, and Wynn, Holley's complaint identifies actions by each of them related to the conditions and circumstances that he says constituted violations of his constitutional rights.  Accordingly, the court will direct that the complaint be served on those three defendants.

## II.  CONCLUSION

To summarize, the court will dismiss without prejudice defendants Lawson and Muncy, but it will allow Holley to file an amended complaint against those two defendants , if he chooses

to do so and if he can identify specific actions by them that he believes violated his constitutional rights.  The Clerk will be directed to effect service on the other three defendants, and an appropriate order will be issued.

      Entered: November 9, 2020.

                              /s/ Elizabeth K. Dillon
                              Elizabeth K. Dillon
                              United States District Judge