IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GARFIELD WILLIAM HOLLEY,     ) | |
|     Plaintiff,               ) | Civil Case No. 7:20-cv-00545 |
| ) | |
| v.                                                   ) | |
| ) | By: Elizabeth K. Dillon |
| MR. J. COMBS, *et al.*,              ) | United States District Judge |
|     Defendants.           ) | |

**MEMORANDUM OPINION**

Garfield William Holley, a Virginia inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983. He initially named five defendants, but the court dismissed without prejudice two of those defendants—Lawson and Muncy—in an opinion and order entered on November 9, 2020, giving Holley the opportunity to amend. In the same order, the court granted Holley leave to proceed *in forma pauperis* to the extent that he would not be required to pay for service of process and could pay the filing fee in installments. Holley then filed an amended complaint that again named Lawson and Muncy, and the Clerk sent waivers of service to Lawson and Muncy. All five defendants have responded to the amended complaint by filing a partial answer and a motion to dismiss. (Dkt. Nos. 18, 19.)

Defendants noted in their motion to dismiss, and the court agrees, that at least three of Holley's previous actions or appeals have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Therefore, Holley may not proceed with this action

---

[1] The court previously had dismissed the following cases by Holley on the grounds that they were frivolous, malicious, or failed to state a claim for relief: *Holley v. Baker*, No. 7:98-cv-406 (W.D. Va. Sept. 16, 1998); *Holley v. Baker*, No. 7:00-cv-634 (W.D. Va. Aug. 15, 2000); *Holley v. Farmer*, No. 7:91-cv-610 (W.D. Va. Oct. 13, 2001); and *Holley v. Farmer*, No. 7:01-cv-672 (W.D. Va. Sept. 4, 2001). The court recognized these as strikes under 28 U.S.C. § 1915(g) both in *Holley v. Counts*, No. 7:05-cv-192, ECF No. 20 at 1 n.1 (W.D. Va. July 21, 2005) (report and recommendation adopted by *Holley v. Counts*, No. 7:05-cv-192, ECF No. 28 (W.D. Va. Aug. 1, 2005)), and in *Holley v. Taylor*, No. 7:08cv404 (W.D. Va. July 10, 2008) (denying Holley's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g)); *see also Holley v. Counts*, No. 05-7480 (4th Cir. 2006). (*See* Mem. Supp. Defs.' Partial Mot. Dismiss 1 n.1, Dkt. No. 20 (noting same).) Defendants also note that Holley had a different VDOC number at the time he brought those cases, but that he is the same individual. (*Id.*)

unless he either prepays the entire filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[2]

Holley's amended complaint alleges claims based on incidents in October and November 2018. It does not allege any ongoing danger to him. Moreover, Holley did not respond to defendants' statement, in their motion to dismiss, that he has three or more previous "strikes" under § 1915(g). The only possible reference to any current danger to Holley is his vague reference in his opposition to the "dark and evil world of Wallens Ridge State Prison." (Opp'n Mot. Dismiss 5, Dkt. No. 22.) Again, though, the only specific facts alleged by him relate to the 2018 incidents, which occurred approximately two years before he filed his complaint.

In short, Holley does not show, or even allege, that he is in imminent danger of serious physical harm. Instead, to make that showing, Holley must show that the "conduct complained of threatens continuing or future injury," not just that he "deserves a remedy for past misconduct." *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 20006) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). "Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make 'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Johnson*, 200 F. App'x at 272 (quoting *Martin*, 319 F.3d at 1050); *see also Shepherd v. Annucci*, 921 F.3d 89, 97 (2d Cir. 2019) (affirming district court's conclusion that claim of imminent danger was "without foundation" when the prisoner's explanation was "both circular and completely conclusory"). Holley's allegations fall far short of the required showing.

---

[2] After the cases listed in footnote 1 were dismissed and designated as "strikes" by other judges of this court, the Fourth Circuit held that dismissals without prejudice did not qualify as a "strike" under § 1915(g). *McLean v. United States*, 566 F.3d 391, 396–97 (4th Cir. 2009). On June 8, 2020, however, *before* this case was filed, the Supreme Court resolved a split among the circuit courts of appeals on this issue and held that a dismissal without prejudice could constitute a strike. *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724 (2020). Under *Lomax*, at least three of the cases listed in footnote 1 *supra* qualify as strikes.

As Holley has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury," the court will vacate its prior order granting *in forma pauperis* status to Holley. *See Kirk v. Davis*, No. 3:20-cv-00675-MR, 2021 WL 1615557, at *2 (W.D.N.C. Apr. 26, 2021) (vacating prior order granting ifp after determining that plaintiff had three prior strikes and did not allege he was in imminent danger of physical harm). The court will instead dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(g). In the event that Holley pays the full filing fee within the next twenty days, the case will be reinstated on the active docket of the court. Otherwise, it will remain closed. Defendants' pending motion to dismiss will be denied as moot.

An appropriate order will be issued.

Entered: September 20, 2021.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge