CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

September 23, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| GARFIELD WILLIAM HOLLEY, | ) | |
| Plaintiff, | ) | Civil Action No. 7:20-cv-00545 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| MR. J. COMBS, *et al.*, | ) | Chief United States District Judge |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Garfield William Holley, a Virginia inmate acting *pro se*, brought this action pursuant to 42 U.S.C. § 1983. He alleges claims related to his transport to an outside facility for a dental appointment and his medical treatment for serious medical needs. The defendants—Mr. J. Combs, Edwards, M. Wynn, Lawson, and Muncy—filed a partial answer and a partial motion to dismiss for failure state a claim. (Dkt. Nos. 18, 19.) The court then issued an opinion and order dismissing this case because Holley had at least three previous actions dismissed as frivolous or for failure to state a claim, and plaintiff did not prepay the filing fee or show that he is under imminent danger of serious physical injury. (Dkt. No. 23 (citing 28 U.S.C. § 1915(g).) On appeal, the Fourth Circuit Court of Appeals held that Holley satisfied the imminent danger exception and remanded for further proceedings. (Dkt. No. 34.)

Pursuant to the remand, the partial motion to dismiss is now before the court for resolution. Holley has responded to the motion. (Dkt. No. 43, 44.) Defendants move to dismiss two of Holley's claims. First, plaintiff's claim that his transport to a medical appointment on October 31, 2018, in a metal dog cage on the tailgate of a double cab pickup truck was unlawful retaliation in violation of the First Amendment, and second, deliberate indifference to plaintiff's serious medical needs from November 4 through November 27, 2018, in violation of the Eighth

Amendment. The court will deny the motion to dismiss the retaliation claim but grant the motion to dismiss the Eighth Amendment claim.

Also before the court is a motion for a "protective order" filed by Holley, which the court construes as a motion requesting injunctive relief. This motion will be denied.

## I. BACKGROUND

### A. Plaintiff's Allegations

Holley was detained at Wallens Ridge State Prison in 2018. He alleges mistreatment while being transported to an outside facility for a dental procedure on October 31, 2018. (*See* Am. Compl., Dkt. No. 13.)

Holley describes himself as a 65-year-old chronic asthmatic who is permanently disabled and disfigured. (Am. Compl. 2.) On October 31, 2018, Assistant Warden Combs ordered that Holley be transported for an oral surgery appointment to extract a painful wisdom tooth. The transport commenced at 7:00 am. in the dark and the temperature was 35 degrees. Edwards dressed Holley in a thin orange two-piece top-and bottom, handcuffs, black-box, waist chain, leg irons, and electric shock waist harness. At the sallyport, plaintiff was ordered into a metal dog cage on the tailgate of a double cab pickup truck. The truck bed was covered with red clay and discarded empty brown paper lunch bags. (*Id.* at 3.) Edwards drove and was accompanied by Lawson and Muncy in the front cab. The drive took six hours. After the procedure, Holley was returned to the dog cage for the return trip. The trip put Holley at risk for serious injury including pneumonia.

During the trip in the dog cage, plaintiff was unable to reach his inhaler. (Claim 1B; Am. Compl. 4.) There was no heat or ventilation, no water break, and no lunch or breakfast. Holley was exposed to cold weather and gas and diesel exhaust fumes. Holley asserts that his treatment

during the trip was in retaliation for submitting a grievance about a delay in his oral surgery appointment. (Claim 2.)

After the surgery appointment, Holley reported for a sick call on November 4, 2018. (Claim 3.) His primary complaint was left knee pain and nighttime nose bleeds. Nurse Mullins told Holley that if he recently had his tooth pulled, then a nosebleed was normal. On November 24, 2018, Holley was "forced marched (150 yards)" through pouring rain to the nurse station. He received emergency breathing treatment and a hip injection. Holley reports that he was ordered by Nurse Smith to sign a refusal to medical treatment and instead he would be seen by an institutional physician. A wheelchair was ordered to take Holley back to his cell. Holley continued to experience life-threatening, asthmatic wheezing. (Am. Compl. 5; Claim 3.)

On November 27, 2018, Holley was taken to the nurse station, and Nurse Collins observed Holley with spasms and stated that he had pneumonia. (Claim 4.) Officer Edwards placed Holley in handcuffs. Holley asserts that he was unconscious for several more days. Metal handcuffs were removed, and Warden Combs authorized the use of plastic tie straps. Holley's hands and wrists were swollen, and he had half-inch deep wounds. While hospitalized, Holley regained consciousness and experienced pain in his wrists. An unidentified correctional officer stated, "There lays old Holley, always writing up shit, bitching about no coffee! And no juice; good riddance! Holley dying cuffed-up; non-stopped your black ass to hell ha ha ha!!!" (Am. Compl. 6; Claim 4A.)

After Holley was removed from the ICU and placed in a hospital room, Holley was visited by several armed officers, including Major Anderson. Anderson checked Holley's restraints to make sure they were secure. (Am. Compl. 6; Claim 4A.)

Holley is suing each defendant in their individual capacity for ongoing pain and suffering. He requests a total amount of $1 million combined or $250,000 from each defendant individually. (Am. Compl. 6.)

**B. Holley's Claims and Defendants' Motion**

The court construes Holley's complaint as alleging that on October 31, 2018, during a medical transport, defendants exposed Holley to inhumane conditions of confinement in violation of the Eighth Amendment. (Am. Compl., Claims 1 and 1B.) Holley also alleges that the actions taken on October 31, 2018, were retaliatory in violation of the First Amendment. (Claim 2.)

Holley further brings a claim that from November 4 through November 27, 2018, prison officials were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. (Claim 3.) Finally, Holley alleges that on November 27, 2018, defendant Edwards placed him in overly tight restraints during a hospital transport. (Claims 4, 4A.) Defendants have moved to dismiss the claims that are labeled claim 2 and claim 3 for their failure to state a claim upon which relief can be granted.

**C. Plaintiff's Response**

In his response, plaintiff states that there is a "major dispute of material fact" and that he needs to amend his complaint pertaining to his First Amendment claim due to his attorneys on appeal quitting his case after the remand. (Dkt. No. 43-1 at 11.)[1] Holley also attached an illustration of the October 31, 2018, "retaliatory" medical transport. (Dkt. No. 43-2 at 1.) Holley

[1] The court construed this statement as a request for leave to amend, which the court granted and allowed Holley to submit an amended complaint. (Dkt. No. 45.) Holley did not file an amended complaint pursuant to this order. (*See* Dkt. Nos. 52, 53.)

further states that he filed a grievance on October 30, 2018, and his treatment by defendants the next day during his medical transport was in retaliation for the grievance. (Dkt. No. 44 at 2.)

**D. Plaintiff's Motion for a Protective Order**

Holley has also filed a motion for a protective order "pursuant to Rule 65(a) of the Federal Rules of Civil Procedure enjoining the defendants" from executing "unlawful name change" in violation of Virginia state law. Holley states that this has caused him "severe abusive emotional and psychological pains, confused . . . thinking, impaired memory, paranoia, inability to concentrate for more than a short period of time." (Dkt. No. 52.)

## II. ANALYSIS

**A. Motion to Dismiss**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal and factual sufficiency. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–63 (2007). To withstand a motion to dismiss, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. The court need neither accept a complaint's legal conclusions drawn from the facts, *id.* at 679, nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments," *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). The court, however, accepts as true the complaint's well-pleaded factual allegations and construes these allegations, and the reasonable inferences drawn therefrom, in the light most favorable to the non-moving party. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

**B. First Amendment (Claim 2)**

The First Amendment protects a prisoner's right to be free from retaliation for filing a prison grievance. *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 546 (4th Cir. 2017). Such a claim requires a showing that the plaintiff (1) "engaged in protected First Amendment activity"; (2) the defendant "took some action that adversely affected the plaintiff's First Amendment rights"; and (3) "there was a causal relationship between the protected activity" and the defendant's conduct. *Martin v. Duffy*, 977 F.3d 294, 299 (4th Cir. 2020).

Defendants argue that Holley's retaliation claim should be dismissed because his allegations include only a "naked allegation of reprisal." *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994). The court notes, however, the Fourth Circuit's characterization of Holley's complaint as including allegations that "paint a picture of deliberate retaliation against Holley for complaining about his conditions of confinement." (Dkt. No. 34 at 6.) Indeed, the Fourth Circuit's opinion states that Holley was "allegedly locked in the dog cage in retaliation for submitting a grievance." (*Id.* at 7–8.) Thus, the court must conclude that Holley has plausibly alleged a First Amendment retaliation claim.

**C. Eighth Amendment (Claim 3)**

Holley's Eighth Amendment claim alleges, in substance, a deliberate indifference claim based upon his treatment from November 4 through 27, 2018. (Am. Compl. 4–5.) Liability arises under 42 U.S.C. § 1983 "where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (quotation marks omitted) (citing *Swing v. City of Wadley*, 51 F.3d 988, 999 (11th Cir. 1995) (noting that a Section 1983 claim "require[s] proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation")); *see also*

*Thomas v. City of Annapolis*, 851 Fed. Appx. 341, 347-48 (4th Cir. 2021) (affirming the district court's grant of summary judgment with respect to a Section 1983 claim where the plaintiff did not "affirmatively show[] that the [defendant] acted personally in the deprivation of the [plaintiff's] rights" (quotation marks omitted)).

At the motion to dismiss stage, Holley does not need to prove that the defendants acted personally in the deprivation of his rights, but he does need to allege facts sufficient, if "accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. But, as to this claim, Holley's amended complaint does not include any description of the personal involvement of any of the named defendants. (Am. Compl. 4-5 (alleging that Holley was "force marched" by unnamed individuals and "commanded . . . to refuse medical housing" by a certain "Nurse Smith", and that two unnamed "escort-officers" initially refused to transport Holley by wheelchair).) Because Holley "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution," *Iqbal*, 556 U.S. at 676, in order to adequately plead a claim under Section 1983, and because Holley's allegations as to this claim do not reference any personal involvement of the defendants, this claim will be dismissed for failure to adequately state a claim upon which relief can be granted.

**D. Motion for Injunctive Relief**

A plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008). In the context of the administration of a state prison, injunctive relief should be granted only in compelling circumstances. *Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir.

1994). The judiciary grants "wide ranging deference" to prison administrators on matters within their discretion. *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).

Holley's claim about a name change or alteration in the records of the Virginia Department of Corrections is unrelated to his claims in this matter pertaining to alleged violations of the Eighth Amendment due to conditions of confinement and deliberate indifference to serious medical needs. It is similarly unrelated to his claim in this matter pertaining to alleged violations of the First Amendment because it neither refers to a "protected First Amendment activity" that Holley engaged in, nor identifies any "a causal relationship between the protected activity" and the defendants' conduct. *Martin*, 977 F.3d at 299.

While a "preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally," an injunction should not issue when "it deals with a matter lying wholly outside the issues in the suit." *De Beers Consolidated Mines v. United States*, 325 U.S. 212, 220 (1945); *see also Brooks v. Zorn*, No. 2:22-cv-00739-DCN-MHC, 2024 WL 1571688, at *6 (D.S.C. Apr. 11, 2024) (denying motion that "seeks injunctive relief unrelated to his complaint against non-parties to this lawsuit") (citing *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)).

Accordingly, the court will deny plaintiff's request for injunctive relief in this matter.

## III. CONCLUSION

The court will issue an appropriate order granting in part and denying in part the partial motion to dismiss and denying Holley's request for injunctive relief.

Entered: September 23, 2026.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge